**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARCO T. CADEJUSTE,
D.O.C. # k61767,**

　　　　**Plaintiff,**

**vs.**　　　　　　　　　　　　　　　**Case No. 4:26cv27-MW-MAF**

**S. MILIKEN,**

　　　　**Defendant.**
**_____/**

**<u>REPORT AND RECOMMENDATION</u>**

Before the Court is a mail return, ECF No. 34.  Plaintiff, an inmate proceeding pro se, did not receive an Order, ECF No. 19, which was entered on April 22, 2026.  The docket reveals Plaintiff filed a notice of change of address on May 4, 2026.  ECF No. 24.  Thus, the Clerk of Court has his correct address on the docket and that Order, ECF No. 19, will be re-mailed to Plaintiff.

Notably, Plaintiff's motion for an extension of time, ECF No. 25, was granted, ECF No. 27, and Plaintiff given until June 1, 2026, to file an amended complaint.  Nevertheless, Plaintiff filed a first amended complaint,

ECF No. 28, on May 15, 2026.  Review of that pleading had been deferred because Plaintiff has attempted to proceed with an interlocutory appeal. *See* ECF No. 32.

In late March 2026, Plaintiff filed an objection to an Report and Recommendation, ECF No. 4, that was subsequently vacated.  ECF No. 12.  Indeed, by the time Plaintiff's objection was filed, ECF No. 12, an Order had already been entered, ECF No. 10, two weeks earlier vacating the Report and Recommendation.[1]  Even so, Plaintiff filed a notice of appeal (titled as a "writ of certiorari") on April 13, 2026, for an Order which was entered on March 10, 2026,[2] which he contends denied him protection. ECF No. 20.  However, as Plaintiff has been advised several times now, "no order has been entered in this case which denies emergency protection."  ECF No. 17 at 2; ECF No. 32 at 2.  Moreover, because a "final order" has not been entered, there is nothing to appeal and this Court is not deprived of jurisdiction.   *See* ECF No. 32.

---

[1] The Report and Recommendation, ECF No. 4, was entered because Plaintiff had failed to comply with an Order, ECF No. 3, directing him to file an in forma pauperis motion and a proper complaint.  Plaintiff complied with that Order the day after the Report and Recommendation was entered.

[2] The March 10th Order, ECF No. 10, *inter alia,* vacated the Report and Recommendation, ECF No. 4, and directed Plaintiff to file an amended complaint.  It did not deny Plaintiff protection.

Notwithstanding clear Orders which have explained to Plaintiff that his attempted interlocutory appeal is invalid, Plaintiff has persisted in filing frivolous motions.  These motions divert the Court's time away from ruling on other cases which are litigated in good faith and demonstrate that Plaintiff engages in litigation as a recreational pursuit.[3]  For example, on May 15, 2026, Plaintiff filed a "motion for relief from the obligation to prepay the fees."  ECF No. 30.  Plaintiff sought to leave to proceed in forma pauperis on appeal, without payment of the appellate filing fee.  *Id.*  An Order was entered denying Plaintiff's motion because the attempted appeal was futile and because Plaintiff made no effort to comply with the in forma pauperis statute.[4]  ECF No. 32.

In addition, Plaintiff filed a motion for extension of time to file a transcript order form.  ECF No. 31.  An Order was entered, ECF No. 32,

---

[3] Judicial notice is taken that Plaintiff has filed 30 cases in the federal courts pf Florida and the Eleventh Circuit Court of Appeals over the past 9 years.  Many have been dismissed for failure to prosecute or based on Plaintiff's filing a notice of voluntary dismissal.  *See*, e.g., Case #: 3:20cv05604-LC-EM (dismissed for failure to prosecute); Case #: 2:22cv14283-KMW (dismissed on Plaintiff's voluntary dismissal); Case #: 4:24cv208-RH-MAF (dismissed on Plaintiff's voluntary dismissal); Case #: 4:24cv473-MCR-MAF (dismissed on Plaintiff's voluntary dismissal).

[4] Plaintiff did not submit an affidavit or a copy of his inmate bank account statement. *See* 28 U.S.C. § 1915(a).  He was previously advised of those requirements.  ECF No. 17.

denying the motion and explaining that "because there have been no hearings" in this case, consequently, there are no transcripts.  ECF No. 32.

Undeterred, Plaintiff has now filed a "transcript order form."  ECF No. 33.  No action will be taken on that submission because a transcript does not exist.

Although the Court intended to await resolution of Plaintiff's attempted interlocutory appeal before proceeding, there is no need to delay the inevitable.  Plaintiff's amended complaint, ECF No. 28, remains insufficient.

Plaintiff's claim against Defendant Miliken is based on the Defendant's responses (denials) of Plaintiff's grievances.  *Id.* at 12.  Yet Plaintiff's factual allegations do not show that Defendant Miliken was responsible for denying Plaintiff protective management status as Plaintiff claimed that the warden and Sergeant Silmore denied Plaintiff protective management.  *Id.* at 5, 6.  The Defendant only denied Plaintiff's grievances.

The denial of grievances is insufficient to establish liability against a Defendant.  Owens v. Leavins, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006) ("filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied"); *see also*

Holmes v. Correction Corp. of America, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012).  For supervisory liability to exist under § 1983, Plaintiff must allege either personal participation by the supervisor or show "a causal connection existed between the actions of the supervising officials and the alleged constitutional deprivation."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (describing instances when a supervisor can be held liable under § 1983).  However, one prison official cannot be held liable for the actions, inactions, or decisions made by another prison official.  Keith v. DeKalb Cnty., Georgia, 749 F.3d 1034, 1047 (11th Cir. 2014) ("supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability") (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  Here, because Plaintiff alleged nothing more than Defendant Miliken denied his grievances, the amended complaint fails to state a claim.  *See* Jones v. Mickens, No. 5:19-CV-16 (MTT), 2019 WL 13426194, at *1 (M.D. Ga. Apr. 5, 2019) (dismissing complaint because prisoner alleged only that the defendant denied her grievances) (citing to Lee v. Ga. Dep't of Corr., 2008 WL 655998, at *3 (N.D. Ga. 2008) (holding that denying a grievance and

failing to investigate and remedy grievance allegations do not state a claim for relief under § 1983) (citing <u>Lee v. Mich. Parole Bd.</u>, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.")).

Furthermore, Plaintiff alleged that Defendant "Miliken should have known that his/her agrieved [sic] subordinates would act the way they did and it was likely Plaintiff would be harmed . . . ."  ECF No. 28 at 6.  First, that assertion is nonsensical because Plaintiff's complaint  alleged harm from other inmates, not from prison officials.  Second, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates" and holds them liable if they are "deliberately indifferent" to a prisoner's safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994).  However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. The Supreme Court was clear - "an official's failure to alleviate a significant risk that he *should have perceived* but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." 511 U.S. at 838, 114 S. Ct. at 1979 (emphasis added). Plaintiff's complaint fails to allege facts which are sufficient to state an Eighth Amendment claim against Defendant Miliken.

The basis for Plaintiff's complaint is that Defendant "Miliken failed to supervise subordinates who denied [Plaintiff protective management] . . . ." ECF No. 28 at 7. Yet Defendant Miliken is alleged to be the grievance coordinator at the Department of Corrections' central office. *Id.* at 2. Such a position does not supervise other prison officials at an institution but, instead, responds to prisoner grievances. Moreover, because *respondeat superior* does not provide a basis for recovery under § 1983, a complaint that alleges only that a Defendant denied Plaintiff's grievances should be dismissed for failure to state a claim.

In making this recommendation, the Court notes that Plaintiff indicated within the amended complaint that he already has had two cases dismissed which count as strikes. ECF No. 28 at 14. The Court has

Case No. 4:26cv27-MW-MAF

confirmed that case number 4:21cv290-WS-MAF was dismissed as frivolous on March 17, 2022.  That counts as a "strike" under 28 U.S.C. § 1915(g) for purposes of granting in forma pauperis status in the future.  Plaintiff also filed case number 2:23cv14274 in the Southern District of Florida.  ECF No. 28 at 14.  That case was dismissed for failure to state a claim in January 2025.  That counts as Plaintiff's second "strike."

The Court takes judicial notice that while this case was pending, another case Plaintiff filed in the Southern District of Florida, case number 1:25cv25355-RS, was dismissed as a "shotgun pleading" in March 2026.  The Court found that Plaintiff's amended complaint failed "to give Defendants enough clarity to adequately respond."  ECF No. 15, pg. 7 of that case.  The important characteristic of such a "shotgun" pleading is that it fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Daker v. Head, No. 5:14-CV-138-MTT- CHW, 2019 WL 861406, at *4 (M.D. Ga. Feb. 22, 2019).  Logically, such a dismissal counts as a "strike" because it fails to state a claim upon which relief may be granted.  Thus, it appears that Plaintiff has already accumulated "three strikes" at this point in time.  However, if this recommendation is accepted and this case is dismissed for

Case No. 4:26cv27-MW-MAF

failure to state a claim, Plaintiff is advised that he will have undoubtedly acquired "three strikes" and will be barred from proceeding with in forma pauperis status in federal court unless he can show that he faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 28, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2026.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:26cv27-MW-MAF